IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIMBERLY OWENS,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| versus § | CIVIL ACTION NO. H-07-3273 | |
| § | | |
| **HARRIS COUNTY** § | | |
| § | | |
| *Defendant.* § | | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury**:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence, unless instructed otherwise. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that

a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law or for my rulings and instructions to you regarding the evidence, you should disregard anything I may have said during the trial in arriving at your verdict.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter of evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to the other side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. Plaintiff Kimberly Owens called Dr. Jeffrey Kelley as an expert in this case. You are not required to accept his opinion. As with any other witness, it is up to you to decide whether to rely upon his opinion.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

4

Do not let bias, prejudice or sympathy play any part in your deliberations. A governmental entity and all other persons are equal before the law and must be treated as equals in a court of justice.

## SPECIFIC INSTRUCTIONS

Kimberly Owens brings this suit against Defendant Harris County for sexual harassment and employment discrimination. The Court provides specific instructions for each of these claims as follows.

### Sexual Harassment - Hostile Work Environment

Plaintiff claims that her supervisors, Constable Glenn Cheek and Captain Terry Thurman, sexually harassed her by subjecting her to a hostile work environment, and that her former employer, Harris County, is responsible for the harassing conduct. Defendant Harris County denies Plaintiff's claim and contends that it was unaware of anyone at Harris County Constable Precinct 5 sexually harassing Plaintiff by subjecting her to a hostile work environment.

It is unlawful for an employer to discriminate against an employee because of the employee's sex. This includes sexual harassment. Sexual harassment is unwelcome conduct that is based on Plaintiff's gender.

For Defendant to be liable for sexual harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere

offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

Although sexual harassment must be based on sex, it need not be motivated by sexual desire. Sexual harassment may include extremely insensitive conduct because of sex. Simple teasing, offhand comments, sporadic use of offensive language, occasional gender-related jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature in the workplace may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

An employer such as Defendant Harris County may be held vicariously liable for the conduct of one if its supervisory employees, such as Captain Thurman, if you find that the conduct of the supervisory employee constituted severe or pervasive sexual harassment.

Although Constable Cheek also served as a supervisor to Plaintiff, he was an elected official and not an employee of Defendant Harris County. An employer, such as Harris County, may also

be responsible for the acts of non-employees, such as Constable Cheek, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knew or should have known of the conduct and fails to take immediate and appropriate corrective action.

### Discrimination - Disparate Treatment

Plaintiff claims that she was discriminated against because of her gender when Defendant terminated her employment. Defendant Harris County denies Plaintiff's claims and contends that Plaintiff was terminated because a Precinct 5 Captain observed Plaintiff to be intoxicated during a traffic stop, and Plaintiff was arrested and charged for Driving While Intoxicated.

Title VII of the Civil Rights Act makes it unlawful for an employer to intentionally discriminate against any person with respect to compensation, tenure, conditions, or privileges of employment because of or on the basis of such person's gender.

To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant terminated her employment because of her gender. Plaintiff does not have to prove that unlawful discrimination was the only reason that Defendant terminated her. If you disbelieve the reasons Defendant Harris County has given for its decision, you may infer that Defendant terminated Plaintiff because of her gender.

### DAMAGES

### Compensatory Damages

If Plaintiff has proven her claim against Defendant by a preponderance of the evidence, you must determine an amount that is fair compensation for all of Plaintiff's damages for that claim. These damages are called compensatory damages. The purpose of compensatory damages is to make

7

Plaintiff whole -- that is, to compensate Plaintiff for the damages that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for the pain and suffering, mental anguish, shock and discomfort and loss of capacity for the enjoyment of life that she has suffered because of the Defendant's conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

## Injury - Pain and Suffering - Mental Anguish -

## Loss of Capacity for Enjoyment of Life

You may award damages for any pain and suffering, mental anguish, and/or loss of capacity for enjoyment of life that Plaintiff experienced in the past or will experience in the future as a result of her injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

## Lost Earnings/Time/Earnings Capacity

You may award damages for Plaintiff's lost earnings and/or earnings capacity, which is any loss of ability to earn money sustained in the past and any such loss in the future.

## Calculation of Past and Future Damages

A. Damages Accrued

If you find for the Plaintiff, she is entitled to recover an amount that will fairly compensate her for any damages she has suffered to date.

B. Calculation of Future Damages

If you find that the Plaintiff will suffer damages in the future from her injuries, then you should award the Plaintiff the amount you believe would fairly compensate her for such future damages.

C. Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date. If you should find that the Plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1. You should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings.

2. If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the Plaintiff could earn on the amount of the award if she made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Plaintiff if she receives it today than if she received it in the future, when she would otherwise have earned it. It is more valuable because Plaintiff can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that Plaintiff can earn on that amount in the future.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

## Mitigation of Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

10

If you find that Defendant Harris County is liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage which she could have avoided through reasonable effort. If you find by a preponderance of the evidence Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendant Harris County has the burden of proving the damages which Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendant has satisfied its burden of proving that Plaintiff's conduct was not reasonable.

### Multiple Claims

You must not award compensatory damages more than once for the same injury. For example, if the Plaintiff prevails on two claims and establishes a dollar amount for her injuries, you must not award her any additional compensatory damages on each claim. The Plaintiff is only entitled to be made whole once, and may not recover more than she has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the Plaintiff fully for all of her injuries.

### Consider Damages

You should not interpret the fact that I have given you instructions about the Plaintiff's

damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

## THE VERDICT

### Duty to Deliberate

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### Instructions on Deliberation

When you retire to the jury room you may take this charge with you as well as exhibits which the Court has admitted into evidence. You should first select one of your number to act as your Foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will be asked to return your verdict in this case in the form of answers to a series of questions. Notice that the questions are numbered, and certain questions on the verdict form need be answered only if you give a particular answer to some earlier question.

In answering the questions on the verdict form, you are again instructed that you are to make your findings in accordance with the preponderance of evidence in this case, and the law as given to you in these instructions. Of course, you are to consider all of my instructions as a whole and not

single out any particular instruction.

After you have reached your unanimous verdict, your Foreperson is to fill in the verdict form with your answers to the questions concerning the fact issues in this case, date the form, sign it, and then return to the courtroom.

If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial.

If, during your deliberations, you should want to communicate with me at any time, please give a written message or question to the Marshal, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question. After the verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. The lawyers may wish to talk to you after the case is over. You are free to do so or not, as you wish.

SIGNED this 25th day of May, 2009.

*(signature)*

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE